Jufer TRINOS, Edwin Mendoza, Ferdinand Coronado, Voltair Llacuna, Christopher Advincula, Radito Diocera, Jay Jaramillo, Ronaldo Elimino, Abner Augustin, Cheryl Aquino, Raul Ambat, and Oscar Sabado, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

QUALITY STAFFING SERVICES CORPORATION, a Florida corporation, Boca Woods Country Club Association, Inc., and Sophia Manuel, Individually, Defendant.

No. 08–20244–CIV–KING.

United States District Court, S.D. Florida.

March 26, 2008.

Chad Evan Levy, Levy & Levy, Christopher John Whitelock, Whitelock & Associates, Ft. Lauderdale, FL, for Plaintiffs.

Chris Kleppin, Glasser Boreth Ceasar & Kleppin, Plantation, FL, Sally Ann Still,

Buckingham Doolittle & Burrough, LLP, Boca Raton, FL, for Defendant.

### ORDER DIRECTING CLERK TO TRANSFER AND RE–FILE IN NORTHERN DIVISION

JAMES LAWRENCE KING, District Judge.

The above-styled case was erroneously certified as a Dade County case on the civil cover sheet filed with the Clerk of Court.[1]

Relying on this mistake, the Clerk of Court randomly assigned a case to the Southern Division of the Southern District of Florida, instead of to the Northern Division for assignment to one of the judges receiving random assignments in that Division of Court. Since counsel for the Plaintiffs did not state in the Complaint *where* the controversy arose i.e., the alleged overtime work was performed and not compensated,[2] the error could not be detected by reading the Complaint. The Defendants were only described as "... conducting business in this judicial district and were 'employers' under the FLSA."

The error, certifying Dade County instead of Palm Beach County (Northern Division) as the proper division for assignment of this case for trial, was not discovered until these identical parties were sued by the Attorney General of the State of Florida in the Circuit Court in and for Palm Beach County. On February 14, 2008 (two weeks after the January 28, 2008 filing of the above-styled case).[3] The Defendants in the Attorney General filed West Palm Beach Circuit Court case removed that case from West Palm Beach Circuit Court to U.S. District Court (Northern Division) in West Palm Beach, Florida, where it was randomly assigned to the Honorable Kenneth L. Ryskamp, presiding in the Northern Division of this Court (Case No. 08–80261–CIV–RYS-KAMP).

The error of the filing of the Civil Cover Sheet, and statement by counsel that the case arose in Dade County, was not discovered until Judge Ryskamp referred the case to the undersigned for consolidation as a "low-number transfer" pursuant to Local Rule 3.8. The Attorney General state case Complaint, removed to federal court, is replete with allegations that these Plaintiffs in the above-styled case Jufer Trinos, Edwin Mendoza, etc. performed the work alleged in Plaintiffs' Complaint in the above-pending Southern Division federal court case at the principal place of business of Boca Woods Country Club "in Boca Raton, Palm Beach County, Florida." The jurisdiction section of the Complaint alleges "Venue is proper in the Fifteenth

---

1. See Civil Cover Sheet JS44I(d) "Check County Where Action Arose DADE."

2. The only reference to where Plaintiffs were employed at the time the alleged violation of the FLSA occurred is found in ¶¶ 3 and 4 stating: "3. That the unlawful employment of practices alleged below occurred and/or were committed *within this judicial district*." and "4. That all times material hereto Plaintiffs and others similarly situated, were and are presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court."

3. Each Plaintiff in the above-styled case is specifically and identically named in ¶ 22 of the Attorney General's case filed in the Circuit Court of the Palm Beach County, Florida. The Defendants named, Quality Staffing Services Corporation, Boca Woods Country Club Association, Inc., and Sophia Manuel are identical to the named defendants sued by the Attorney General in the West Palm Beach case filed February 14, 2008, see A004125MB, Fifteenth Judicial Circuit.

Judicial Circuit as the principal place of business of the Defendant and entities is Palm Beach County, Florida." (¶ 4 Removed Complaint, Case No. 08–80261–CIV–RYSKAMP).[4]

The Petition for Removal of the state court case to federal court alleges all the activity took place in Palm Beach County at the Boca Woods Country Club and that it is in that Northern Division venue that the alleged acts of non-payment under the Fair Labor Standards Act occurred.

Under these circumstances and for the reasons set forth herein, it is clear that the Clerk should not have assigned any judge from the Southern Division of the U.S. District Court to preside over what is a case that should have been assigned to a judge of the Northern Division eligible to receive such assignments,[5] The Clerk's Office advises the undersigned that the senior judges in the Northern Division do not receive assignments of cases arising and assigned routinely to the Southern Division judges. Only active judges in both divisions are, from time to time, eligible to receive the "overflow" assignment of cases arising in the separate divisions of the Southern District of Florida. It is therefore,

ORDERED, ADJUDGED and DECREED that the above-styled case *Jufer Trinos, et al. v. Quality Staffing Services Corporation, et al.,* Case No. 08–20244–CIV–KING be, and the same is hereby transmitted to the Clerk of Court for proper filing in the Northern Division of the U.S. District Court for the Southern District of Florida at West Palm Beach, Florida for reassignment to a Northern Division judge eligible, under the blind random assignment system of this Court, to be assigned and preside over this case. The Clerk of Court be, and he is hereby directed to remove this case from the pending caseload of the Southern Division of this Court and add it to the Northern Division of Court.

Further, the Clerk is directed to forward all pending motions (Motion to Dismiss [D.E. # 10], Motion to Withdraw [D.E. # 16]) to the Clerk's Office of the Northern Division for consideration by the judge to whom this case will ultimately be randomly assigned in the Northern Division. Further, this Court's Order of January 30, 2008 [D.E. # 3] requiring the parties to appear for a Scheduling Conference on April 10, 2008 at 10:15 a.m. in the Miami Division before the undersigned is hereby CANCELED and SET ASIDE. The Clerk shall remove the above-styled case from the pending docket of the undersigned judge.

---

4. See also ¶¶ 9, 10, 13, 22 of the Attorney General's Removed Complaint to federal Court from Palm Beach Circuit Court to federal court in Palm Beach asserting that all the Defendants reside in Boca Raton, Palm Beach County, Florida, that its principal place of business is Boca Raton, Palm Beach County, Florida, that the Defendant Boca Woods Country Club Association has its principal place of business in Boca Raton, Palm Beach County, Florida, and that all of the individual-named Plaintiffs in the case *Trinos, et al. v.*

*Quality Staffing Services Corporation, et al.,* Case No. 08–20244–CIV–KING performed their work in jobs at the Boca Woods County Club in Palm Beach County.

5. The senior judge to whom the above-styled case was mistakenly assigned by the Clerk of Court does not receive, and is not assigned, cases arising in the Northern Division of the Southern District of Florida.